**Bud L. ZETTLE, Petitioner,**

v.

**DEPARTMENT OF THE NAVY, Respondent.**

No. 02–3130.

United States Court of Appeals, Federal Circuit.

May 30, 2002.

Before MAYER, Chief Judge, BRYSON and PROST, Circuit Judges.

## ON MOTION

BRYSON, Circuit Judge.

### ORDER

The Department of the Navy moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Bud L. Zettle's petition for review for lack of jurisdiction. Zettle has not responded.

The Navy argues that Zettle's petition for review must be dismissed because Zettle is challenging the Merit Systems Protection Board's rejection of his discrimination claims. The Navy maintains that even if Mr. Zettle presented additional nondiscrimination claims, it would be a "mixed" case and thus also outside of our jurisdiction.

This court does not have jurisdiction to review a final Board decision in "situations in which the employee is challenging judicially the board's determinations of both the discrimination and nondiscrimination issues." *Williams v. Department of the Army,* 715 F.2d 1485, 1493 (Fed.Cir.1983) (en banc). This court can, however, retain jurisdiction if a petitioner expressly states that the issue of discrimination will not be pursued and is abandoned. *Daniel v. United States Postal Service,* 726 F.2d 723 (Fed.Cir.1984).

Zettle appealed regarding his demotion by a reduction in force (RIF). Zettle had been demoted from the position of Nuclear Electronics Systems (Ships) Inspector to the position of Electrician contingent upon passage of a medical examination, which Zettle failed. The Navy placed Zettle in a Data Clerk position. Zettle appealed. Noting that "the parties stipulated to a number of the facts salient to the underlying [RIF,]" the administrative judge (AJ) stated, "the appeal is narrowly focused on the agency's finding that [Zettle] was allegedly medically disqualified for the electrician position, and its alleged failure to accommodate him in that position." The AJ concluded that the Navy properly applied the RIF regulations and that Zettle had failed to establish an affirmative defense of disability discrimination.

On review to this court, Zettle appears to be challenging only discrimination rulings and, even if this were a mixed case, Zettle is unwilling to waive the discrimination issues.* In his petition for review, Zettle states that he "is a victim of Discrimination because of his physical appearance, (a weight problem)." Further, in his informal brief, Zettle argues discrimination issues. Thus, in light of Zettle's pursuit of discrimination issues in this court, *Williams* requires us to dismiss his petition for review for lack of jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The Navy's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Navy's motion to dismiss is granted.

(3) Each side shall bear its own costs.

---

* In a recent letter to the court, Zettle states he is unable to complete the Fed. Cir. R. 15(c) Statement Concerning Discrimination because, inter alia: (1) "A claim of discrimination by handicapped condition has been and will be made in this case. (2) A claim of discrimination by handicapped condition has *NOT* been abandoned and [may] be raised or continued in this or another court." (Emphasis in letter.)